COPY

1  WILMER J. HARRIS, State Bar No. 150407
2  SAMI N. KHADDER, State Bar No. 232216
   SCHONBRUN, DESIMONE, SEPLOW, HARRIS & HOFFMAN
3  414 South Marengo Ave.
   Pasadena, California 91101
4  Telephone: (626) 440-5969
   Facsimile: (626) 449-4417
5  wharris@sdshhlaw.com
   skhadder@sdshhlaw.com
6
7  Paula D. Pearlman, State Bar No. 109038
   Shawna L. Parks, State Bar No. 208301
8  DISABILITY RIGHTS LEGAL CENTER
   919 South Albany Street
9  Los Angeles, CA 90015
   Telephone: (213) 736-1031
10 Facsimile: (213) 736-1428
   paula.pearlman@lls.edu
11 shawna.parks@lls.edu
12
   Attorneys for Plaintiffs
13 RICKY SENGUPTA, individually, and on
   behalf of the class of similarly situated individuals
14
15
16            **UNITED STATES DISTRICT COURT**
17            **CENTRAL DISTRICT OF CALIFORNIA**
18
19 RICKY SENGUPTA, individually, and      Case No.
   on behalf of the class of similarly     CV09-0795 CAS (RCx)
20 situated individuals,
                                           CLASS ACTION COMPLAINT FOR
21            PLAINTIFFS,                   DECLARATORY AND
                                           INJUNCTIVE RELIEF AND
22    vs.                                  DAMAGES
23 CITY OF MONROVIA, a public             1. Title II of the Americans with
   entity; CITY OF MONROVIA               Disabilities Act (42 U.S.C. §§ 12131
24 POLICE DEPARTMENT, a public            *et. seq.*)
   entity; and DOES 1 through 10,
25 individuals sued in their individual    2. Section 504 of the Rehabilitation
   capacities, inclusive,                  Act of 1973 (29 U.S.C. §794 *et. seq.*)
26
                                           3. California Government Code §
27            DEFENDANTS.                   11135
28

                            1

FILED
2009 FEB -2 PM 1:18
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

4. Unruh Civil Rights Act (Civil
Code § 51 *et seq.*(continued next page)
5. California Disabled Persons Act
(Civil Code § 54.1)
6. Negligence

DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

1.  The claims alleged herein arise under the Americans with Disabilities Act (42 U.S.C. §12131 *et seq.*), (The "ADA"), Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) (the "Rehabilitation Act"), among other state law claims for relief, such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.  Through the same actions and omissions that form the basis of PLAINTIFFS' federal claims, DEFENDANTS have also violated PLAINTIFFS' rights under state law, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This Court has jurisdiction over PLAINTIFFS' claims for declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure.

2.  Venue over PLAINTIFFS' claims is proper in the Central District of California because DEFENDANTS reside in the Central District of California within the meaning of 28 U.S.C. § 1394, and because the events, acts, and omissions giving rise to PLAINTIFFS' claims occurred in the Central District of California.

## INTRODUCTION

3.  Plaintiff RICKY SENGUPTA brings this complaint against the City of Monrovia (the "CITY ") and the City of Monrovia Police Department ("MPD"), among others, for failing to provide effective communication to deaf and hard of hearing individuals, including himself, who come into contact with the MPD,

2

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  thereby discriminating against them. Plaintiff also brings this complaint because of

2  the failure on the part of both the CITY, MPD, and DOES 1 through 10

3  (collectively, "DEFENDANTS") to properly supervise and train their officers and

4  other employees to effectively communicate with individuals who are deaf and

5  hard of hearing during investigation, arrest, booking, interrogation, and while

6  otherwise in MPD's custody or otherwise interacting with MPD, in violation of

7  federal and state law.

8      4.      Plaintiff, who communicates primarily through American Sign

9  Language, alleges that MPD officers failed to take appropriate steps to

10  communicate effectively with him or furnish appropriate auxiliary aids throughout

11  the course of his traffic stop, the non-consensual search of his vehicle, his arrest,

12  his interrogations in the field and at the police station, his booking and his detention

13  at the station until he was released on bail. Despite the fact that Plaintiff

14  SENGUPTA made several requests for a qualified sign language interpreter

15  throughout his encounter with MPD, DEFENDANTS failed to give primary

16  consideration to his request and he was never provided with appropriate auxiliary

17  aids which resulted in DEFENDANTS' failure to effectively communicate with

18  him.

19      5.      DEFENDANTS thus failed to effectively communicate with Plaintiff

20  SENGUPTA during their investigation, their arrest and transportation of Plaintiff

21  SENGUPTA, during his booking and interrogations for several hours in custody at

22  the station house, despite his repeated requests for an interpreter.  DEFENDANTS

23  never informed Plaintiff of the reason for his arrest, did not inform Plaintiff of his

24  Miranda rights at the time of the arrest, and interrogated him without the presence

25  of a qualified sign language interpreter, in violation of federal and state law.

26      6.      DEFENDANTS at all times failed to ensure that their communication

27  with him was as effective as with individuals who are not deaf or hard of hearing.

28  Upon information and belief, Plaintiff further alleges that DEFENDANTS do not

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  train or supervise their officers and employees to provide hard of hearing or deaf

2  individuals with effective communication, such as qualified sign language

3  interpreters, when necessary to effectively communicate with hard of hearing or

4  deaf individuals.

5       7.    Plaintiff SENGUPTA and the class he seeks to represent therefore

6  bring this action seeking declaratory and injunctive relief. Individually, Plaintiff

7  also seeks compensatory damages in addition to his attorneys' fees and costs.

8                  **PARTIES**

9       8.    Plaintiff SENGUPTA is a 31-year-old student who is deaf. At all times

10  relevant to this complaint, Plaintiff has resided in the County of Los Angeles. By

11  virtue of being deaf and hard of hearing, Plaintiff at all times relevant hereto was an

12  "individual with a disability" within the meaning of the Americans with Disabilities

13  Act and Section 504 of the Rehabilitation Act as well as other state disability

14  statutes as set forth herein.  Plaintiff SENGUPTA has a physical impairment that

15  substantially limits one or more of his major life activities, has a record of such an

16  impairment, and was regarded by DEFENDANTS as having such an impairment

17       9.    The Plaintiff class consists of all who are deaf or hard of hearing who

18  have interacted, currently interact, or will interact with the MPD and denied

19  effective communication or necessary auxiliary aids.

20       10.    References to "PLAINTIFFS" herein shall be deemed to include

21  Plaintiff SENGUPTA and each member of the class.

22       11.    Defendant CITY is a local government and public entity within the

23  meaning of Title II of the ADA, and receives federal funding within the meaning of

24  the Rehabilitation Act. The CITY provides funding to and oversight of Defendant

25  MPD.

26       12.    Defendant MPD is a local government entity and an agency of

27  Defendant CITY. It is a public entity within the meaning of Title II of the ADA,

28

4

and on information and belief receives federal funding within the meaning of the Rehabilitation Act. The MPD is responsible for the acts herein.

13.    Under California Government Code § 815(a), these DEFENDANTS are liable for any and all wrongful acts in violation of state law hereinafter complained of committed by any of these DEFENDANTS' employees acting within the course and scope of their employment.

14.    The DEFENDANTS whose identities are unknown are sued herein under the names DOES 1 through 10 ("DOES"). Plaintiff is informed and believes and thereon alleges that all of the DEFENDANTS, including the DOES, are in some manner responsible for the injuries and damages herein alleged. Plaintiff sues the DOES in their individual and official capacities.

15.    Plaintiff is informed, believes, and based thereon alleges that at all times herein mentioned DEFENDANTS, and each of them, were the agents, servants and employees of the other named DEFENDANTS and were acting at all times within the scope of their agency and employment and with the knowledge and consent of their principal and employer.

16.    Plaintiff was deprived of an interest protected by the Constitution or laws of the United States and the State of California, and DEFENDANTS caused such deprivation while acting under color of state law.

17.    Plaintiff SENGUPTA timely filed a claim with Defendant CITY and MPD under California Government Code section 910 and it was denied. In addition, prior to instituting this action, Plaintiff SENGUPTA sent DEFENDANTS a comprehensive letter detailing his claims to which they did not respond.

## CLASS ACTION ALLEGATIONS

18.    Plaintiff SENGUPTA brings this action individually and, on behalf of all who are deaf or hard of hearing who have interacted, currently interact or will interact with the MPD and denied effective communication or necessary auxiliary aids, as a class action under Federal Rule of Civil Procedure 23. This class action is

1    brought for the purpose of obtaining declaratory and injunctive relief only. Plaintiff

2    SENGUPTA seeks damages for himself only.

3         19.    The putative class consists of over 900,000 individuals who are deaf or

4    hard of hearing.[1] Each member of the putative class is a "qualified individual with a

5    disability" within the meaning of the ADA and the Rehabilitation Act.

6         20.    The putative class members live in and/or are likely to travel in and

7    through the CITY and come in contact with the MPD.

8         21.    Plaintiff SENGUPTA and the class he represents are informed,

9    believe, and thereon allege that DEFENDANTS have failed and continue to fail to

10   take appropriate steps to ensure that communication with individuals who are deaf

11   or hard of hearing is as effective as communication with others, to provide

12   appropriate auxiliary aids and services that are necessary to provide individuals

13   who are deaf or hard of hearing with equal opportunity to participate in and enjoy

14   the benefits of DEFENDANTS' services, programs, and activities, and to give

15   primary consideration to the type of auxiliary aids requested by individuals who are

16   deaf or hard of hearing.  DEFENDANTS have also failed to ensure that persons can

17   obtain information as to the existence and location of accessible services, activities,

18   and facilities.

19        22.    Plaintiff SENGUPTA and the class he represents are informed,

20   believe, and thereon allege that DEFENDANTS CITY and MPD have not adopted

21   and do not enforce appropriate policies and procedures to ensure that MPD takes

22   appropriate steps to ensure that communication with individuals who are deaf or

23   hard of hearing is as effective as communications with others, provides appropriate

24   auxiliary aids and services that are necessary to provide individuals who are deaf or

25   hard of hearing with equal opportunity to participate in and enjoy the benefits of

26

27   _____

28   [1] Statistical data was obtained by the County of Los Angeles, Office of Affirmative
     Action compliance.

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

DEFENDANTS' services, programs, and activities, and gives primary consideration to the type of auxiliary aids requested by individuals who are deaf or hard of hearing.  Nor have DEFENDANTS adopted or enforced appropriate policies and procedures to ensure that persons can obtain information as to the existence and location of accessible services, activities, and facilities.

23.    Plaintiff SENGUPTA and the class he represents are informed, believe, and thereon allege that DEFENDANTS CITY and MPD have failed and continue to fail to provide MPD officers and employees with appropriate training regarding the right of individuals who are deaf or hard of hearing under the ADA and Rehabilitation Act and state disability rights laws.

24.    The violations of the ADA and the Rehabilitation Act set forth herein, if not enjoined by this Court, will continue to affect members of the proposed class and cause them to experience physical and emotional harm unnecessarily.

25.    The requirements of Rule 23 of the Federal Rules of Civil Procedure are met with regard to the proposed class in that:

   a.  The class is so numerous that it would be impractical to bring all class members before the Court;

   b.  There are questions of law and fact which are common to the class;

   c.  The named Plaintiff's claims for declaratory and injunctive relief are typical of the claims of the class;

   d.  The named Plaintiff will fairly and adequately represent common class interest and is represented by counsel who are experienced in class actions and familiar with the disability rights issues in this case;

   e.  DEFENDANTS have acted or refused to act on grounds generally applicable to the class.

26.    The common questions of law and fact, shared by the named Plaintiff and all class members, include:

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

a. Whether DEFENDANTS CITY and MPD are violating Title II of the ADA (42 U.S.C. §§ 12131 *et seq.*) and regulations promulgated thereunder, by failing to take appropriate steps to ensure that communication with individuals who are deaf or hard of hearing is as effective as communications with others, to provide appropriate auxiliary aids and services that are necessary to provide individuals who are deaf or hard of hearing with equal opportunity to participate in and enjoy the benefits of DEFENDANTS' services, programs, and activities, to give primary consideration to the type of auxiliary aids requested by individuals who are deaf or hard of hearings, and to ensure that these persons can obtain information as to the existence and location of accessible services, activities, and facilities.

b. Whether DEFENDANTS CITY and MPD are violating equal access and nondiscrimination provisions of Section 504 of the Rehabilitation Act (29 U.S.C. §§ 794 *et seq.*), by failing to take appropriate steps to ensure that communication with individuals who are deaf or hard of hearing is as effective as communications with others, to provide appropriate auxiliary aids and services that are necessary to provide individuals who are deaf or hard of hearing with equal opportunity to participate in and enjoy the benefits of DEFENDANTS' services, programs, and activities, to give primary consideration to the type of auxiliary aids requested by individuals who are deaf or hard of hearing, and to ensure that these persons can obtain information as to the existence and location of accessible services, activities, and facilities.

c. Whether DEFENDANTS are violating California Government Code § 11135 which prohibits denial of benefits or discrimination on the basis of disability in programs funded or receiving financial assistance by the state, by failing to provide effective communication to individuals who

8

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

are deaf or hard of hearing, and by engaging in a pattern or practice that significantly limits effective communication to individuals who are deaf or hard or hearing.

d. Whether DEFENDANTS are violating California Civil Code §§ 51 *et seq.* by MPD failing to provide full and equal accommodations, advantages, facilities, privileges, or services to individuals who are deaf or hard of hearing or otherwise by violating the ADA; and

e. Whether DEFENDANTS are violating California Civil Code §§ 54 *et seq.* by failing to provide full and free access to law enforcement services to individuals who are deaf or hard of hearing or otherwise by violating the ADA.

## FACTS APPLICABLE TO PLAINTIFF SENGUPTA

27.     Each and every allegation set forth in each and every statement of the complaint is hereby incorporated by reference in each and every other averment and allegation of this Complaint.

28.     Plaintiff SENGUPTA is a student at Mt. San Antonio College. He graduated from Riverside School for the Deaf. He has no criminal record and was never arrested before the incident described below. He is also the father of two children.

29.     On February 7, 2008, Plaintiff SENGUPTA was driving at nighttime, planning to visit a friend. MPD officers ordered him to pull over. Plaintiff SENGUPTA complied even though he had no idea what the officers wanted with him given he had not driven over the speed limit or failed to obey any traffic signs. After Plaintiff SENGUPTA stopped, an unidentified female officer approached his car. When Plaintiff SENGUPTA rolled down his window, the officer spoke to Mr. SENGUPTA. Plaintiff SENGUPTA then gestured, "I don't know what you are saying" and then pointed at his ear to apprise the officer that he is deaf. Plaintiff SENGUPTA repeated the gestures several times.

9

1    30.    The officer used gestures to demand that Plaintiff SENGUPTA
2    produce his driver's license. After the female officer looked at his license, she then
3    tapped on the rear window and appeared to mouth something to Plaintiff
4    SENGUPTA while shaking a finger at him. Plaintiff SENGUPTA again attempted
5    to apprise the officer of his deafness by gesturing and pointing at his ear.

6    31.    Plaintiff SENGUPTA was then detained by several officers. At no
7    point, did any of these officers make any effort to summon interpreters to the scene
8    to communicate effectively with Plaintiff SENGUPTA even though additional
9    officers were called to the scene. DEFENDANTS do not have a reasonable policy
10    in place to assure effective communication with members of the deaf or hard of
11    hearing community.

12    32.    The officers proceeded to search Mr. SENGUPTA's vehicle despite
13    never procuring his consent for such a search.  Plaintiff SENGUPTA protested
14    through gestures to the illegal search, but the officers either did not understand his
15    efforts to communicate with them or ignored them altogether.

16    33.    The officers refused to provide an American Sign Language interpreter
17    despite Mr. SENGUPTA's express written request for one at the scene.  Instead, the
18    officers insisted on questioning Plaintiff SENGUPTA through written notes and
19    gestures. Tellingly, the officers never exchanged written notes with Plaintiff
20    SENGUPTA about the reason(s) for the stop or for the unauthorized search of his
21    vehicle.

22    34.    Plaintiff SENGUPTA was eventually handcuffed. Plaintiff
23    SENGUPTA was not sure why he was arrested. The officers made no effort to
24    exchange notes or otherwise convey to Plaintiff SENGUPTA the reason(s) he was
25    taken into custody. Plaintiff SENGUPTA was then transported to the Monrovia
26    Police Station.

27    35.    The pattern of ineffective communication with Plaintiff SENGUPTA
28    continued unabated at the police station. Plaintiff SENGUPTA was booked and

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1    placed into a holding cell without the officers attempting to communicate with him

2    either in writing or gesture. Eventually, Monrovia Police Department officers

3    interrogated Plaintiff SENGUPTA without the benefit of a qualified interpreter. For

4    the second time, Plaintiff SENGUPTA expressly requested an interpreter. Once

5    again, he was denied.

6        36.    Monrovia Police Department officers later conducted a second

7    interrogation, again without providing an interpreter despite Mr. SENGUPTA's

8    requests. The interviewer persisted in exchanging notes instead of providing an

9    interpreter.  During this interrogation at the station, Plaintiff SENGUPTA

10   repeatedly requested an interpreter. Each time, he was denied.  Plaintiff

11   SENGUPTA was given a written Miranda warning, if at all, only after first being

12   questioned by officers. He was not informed about the availability of auxiliary aids

13   such as qualified sign language interpreters or TDD/TTYs.

14       37.    Eventually, Plaintiff SENGUPTA acquiesced to the officers' demand

15   that he sign a paper attesting to facts regarding his case, despite the fact he really

16   did not comprehend the significance of the writing or of the officers' demand that

17   he sign. After he signed the paper, Plaintiff SENGUPTA then went back to his cell.

18   He was finally released after spending a night in custody.

19       38.    It was later determined that Plaintiff SENGUPTA had been charged

20   with a misdemeanor of possession of a deadly weapon, in violation of Penal Code

21   Section 12020(a) (1). Plaintiff SENGUPTA was also charged with turning without

22   due caution or signaling in violation of the Vehicle Code 22107 and for having

23   tinted windows in violation of Vehicle Code Section 26708(a)(2). All charges

24   against Plaintiff SENGUPTA were dismissed by the Los Angeles County Superior

25   Court on or about August 11, 2008.

26       39.    Accordingly, Plaintiff SENGUPTA brings this action seeking

27   injunctive and declaratory relief in order to compel DEFENDANTS to comply with

28   their obligations to communicate effectively with people who are deaf or hard of

11

1  hearing. Plaintiff, individually, also seeks compensatory damages, where

2  applicable, in addition to his attorneys' fees and costs.

### FIRST CLAIM FOR RELIEF

Violation of Title II of the Americans with Disabilities Act

(42 U.S.C. § 12131 *et seq.*)

(By PLAINTIFFS Against All DEFENDANTS)

7      40.     PLAINTIFFS incorporate by reference each and every allegation

8  contained in the foregoing paragraphs.

9      41.     Congress enacted the ADA upon finding, among other things, that

10 "society has tended to isolate and segregate individuals with disabilities" and that

11 such forms for discrimination continue to be "serious and pervasive social

12 problem." 42 U.S.C. § 12101(a)(2).

13     42.     In response to these findings, Congress explicitly stated that the

14 purpose of the ADA is to provide "a clear and comprehensive national mandate for

15 the elimination of discrimination against individuals with disabilities" and "clear,

16 strong, consistent, enforceable standards addressing discrimination against

17 individuals with disabilities." 42 U.S.C. § 12101(b)(l)-(2).

18     43.     Title II of the ADA provides in pertinent part: "[N]o qualified

19 individual with a disability shall, by reason of such disability, be excluded from

20 participation in or be denied the benefits of the services, programs, or activities of a

21 public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §

22 12132.

23     44.     The U.S. Department of Justice's regulations implementing Title II, 28

24 C.F.R. § 35.160, require public entities to:

25          a.  Take appropriate steps to ensure that communications with members of

26              the public with disabilities are as effective as communications with

27              others;

28

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

b. Furnish appropriate auxiliary aids and services (including qualified sign language interpreters) where necessary to afford an individual with a disability an equal opportunity to enjoy the benefits of a service, program, or activity conducted by the public entity; and

c. In determining what type of auxiliary aid and service is necessary, a public entity shall give primary consideration to the requests of the individual with a disability.

45.    28 C.F.R. § 35.163(a), require public entities to ensure that persons who are deaf or are hard of hearing can obtain information as to the existence and location of accessible services, activities, and facilities.

46.    At all times relevant to this action, DEFENDANTS were public entities within the meaning of Title II of the ADA and provided a program, service, or activity to the general public.

47.    At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of DEFENDANTS.

48.    Through their acts and omissions described herein, DEFENDANTS have violated Title II of the ADA by excluding PLAINTIFFS from participation in, by denying them the benefits or, and subjecting them to discrimination in the benefits and services DEFENDANTS provide to the general public.

49.    Through the acts and omissions of DEFENDANTS and their agents and employees described herein, DEFENDANTS subjected Plaintiff SENGUPTA to discrimination on the basis of his disability in violations of Title II of the ADA by failing to provide communication that is as effective as communication provided to the general public in the following situations:

a. Investigation;

b. Arrest;

13

c.  Transportation;

d.  Booking;

e.  Questioning and interrogation at the station; and/or

f.  While otherwise in DEFENDANTS' custody.

50.    Plaintiff is informed, believes, and thereon alleges that DEFENDANTS and their agents and employees could have reasonably provided him with one or more of the following auxiliary aids and services in order to effectively communicate with him:

a.  A qualified sign language interpreter at the scene of the investigation;

b.  A qualified sign language interpreter during the arrest;

c.  A qualified sign language interpreter informing Plaintiff of the reason for his arrest and his *Miranda* rights;

d.  A qualified sign language interpreter during his booking;

e.  A qualified sign language interpreter during questioning and interrogation;

f.  A qualified sign language interpreter while held in custody; and/or

g.  A Telecommunication Device for the Deaf (TDD) or equally effective telecommunication system while held in custody.

51.    Plaintiff SENGUPTA is informed and believes that DEFENDANTS failed to give primary consideration to his request for a qualified sign language interpreter.

52.    Plaintiff SENGUPTA is informed and believes that DEFENDANTS failed to inform him of the availability of auxiliary aids such as TTY/TDDS.

53.    PLAINTIFFS are informed, believe, and based thereon allege that DEFENDANTS committed the acts and omissions alleged herein intentionally and/or reckless disregard of his rights.

14

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

54.    As a direct and proximate result of the aforementioned acts, Plaintiff SENGUPTA has suffered and continues to suffer humiliation, hardship, anxiety, and indignity, and severe mental and emotional anguish.

55.    PLAINTIFFS are informed, believe, and thereon allege that DEFENDANTS and their agents and employees have failed and continue to fail to:

    a.  Adopt and enforce additional policies and procedures for communicating effectively with individuals who are deaf or hard of hearing;

    b.  Train and supervise MPD officers and employees to communicate effectively with individuals who are deaf or hard of hearing; and

    c.  Train and supervise MPD officers and employees regarding the culture and behavior of individuals who are deaf or hard of hearing;.

56.    Because DEFENDANTS' discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies.

57.    Pursuant to 42 U.S.C. § 12133, PLAINTIFFS are entitled to injunctive relief and to recover from DEFENDANTS damages and reasonable attorneys' fees and costs incurred in bringing this action from DEFENDANTS.  Plaintiff SENGUPTA is entitled to damages.

## SECOND CLAIM FOR RELIEF

Violation of Section 504 of the Rehabilitation Act of 1973

(29 U.S.C. § 794)

(By PLAINTIFFS Against All DEFENDANTS)

58.    PLAINTIFFS incorporate by reference each and every allegation contained in the foregoing paragraphs.

59.    Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "[N]o otherwise qualified individual with a disability. . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits, or be subjected to discrimination under any program or activity receiving federal financial assistance . . ." 29 U.S.C. § 794.

15

60.    PLAINTIFFS are at all times relevant herein qualified individuals with a disability within the meaning of the Rehabilitation Act because they have a physical impairment that substantially limits one or more of their major life activities. See 29 U.S.C. § 705(20)(B).

61.    At all times relevant to this action DEFENDANTS were recipients of Federal funding within the meaning of the Rehabilitation Act.

62.    Through their acts and omissions described herein, DEFENDANTS have violated the Rehabilitation Act, including all applicable implementing regulations, by excluding PLAINTIFFS from participation in, be denying them the benefits of, and subjecting them to discrimination in the benefits and services DEFENDANTS provide to the general public.

63.    Plaintiff is informed, believes, and based thereon alleges that DEFENDANTS committed the acts and omissions alleged herein intentionally and/or reckless disregard of the rights of Plaintiff.

64.    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer humiliation, hardship, anxiety, indignity, and severe mental and emotional anguish.

65.    Because DEFENDANTS' discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies.

66.    Pursuant to 29 U.S.C. § 794(a), PLAINTIFFS are entitled to injunctive relief and to recover from DEFENDANTS compensatory damages and PLAINTIFFS' reasonable attorneys' fees and costs incurred in bringing this action from DEFENDANTS.  Plaintiff SENGUPTA is entitled to damages.

## THIRD CLAIM FOR RELIEF

Violation of Cal. Gov. Code § 11135

(By PLAINTIFFS Against All DEFENDANTS)

67.    PLAINTIFFS incorporate by reference each and every allegation contained in the foregoing paragraphs.

16

68.    Section 11135(a) of the California Government Code provides in pertinent part: "No person in the State of California shall, on the basis of. . . disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state."

69.    At all times relevant to this action, MPD was an agency of Defendant CITY. At all times relevant to this action, DEFENDANTS received financial assistance from the State of California.

70.    Through their acts and omissions described herein, DEFENDANTS have violated and continue to violate California Government Code § 11135 by unlawfully denying PLAINTIFFS the benefits of, and unlawfully subjecting PLAINTIFFS to discrimination under, DEFENDANTS' programs and activities.

71.    Because DEFENDANTS' discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies, including reasonable attorneys' fees and costs in filing this action.

## FOURTH CLAIM FOR RELIEF

Violation of Unruh Civil Rights Act (Civil Code § 51 *et seq.*)

(By PLAINTIFFS Against All DEFENDANTS)

72.    PLAINTIFFS incorporate by reference each and every allegations contained in the foregoing paragraphs.

73.    Section 51(b) of the California Civil Code provides in pertinent part: "All persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

74.    At all times relevant to this action Plaintiff SENGUPTA resided in California.

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

75.    DEFENDANTS own, operate, and/or lease a business establishment within the meaning of the Unruh Civil Rights Act. DEFENDANTS' facilities are public accommodations whose facilities and programs are open to the general public and are operated for the public benefit. DEFENDANTS provide their facilities, programs and services to the public, enter into business contracts with myriad of business entities, and market and promote their programs, services, facilities and activities to the general public. DEFENDANTS are each a "business establishment" and have denied PLAINTIFFS "accommodations, advantages, facilities, privileges, or services" within the meaning of California Civil Code §§ 51 *et seq.*

76.    The Unruh Act further provides that "[a] violation of the right of any individual under the American with Disabilities Act ...shall also constitute a violation of this section." Cal. Civ. Code § 51(f).

77.    Through their acts and omissions described herein, DEFENDANTS have violated and continue to violate California Civil Code § 51(b) by unlawfully denying Plaintiff SENGUPTA and the class he represents full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever, to which they are entitled, by unlawfully subjecting Plaintiff and the class he represents to discrimination under DEFENDANTS' accommodations, advantages, facilities, privileges, and services.

78.    The Unruh Act further provides that "[a] violation of the right of any individual under the Americans with Disabilities Act . . . shall also constitute a violation of this section." Cal. Civ. Code § 5l(f).

79.    For all the reasons outlined above, DEFENDANTS violated the rights of Plaintiff SENGUPTA under the American with Disabilities Act and therefore Cal. Civ. Code § 51(f).

80.    The actions of DEFENDANTS against Plaintiff SENGUPTA and the class he represents constitute discrimination against him, intentional and otherwise,

18

1  and violate the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.*, in that he has

2  been and was denied full and equal accommodations, advantages, facilities,

3  privileges, and services provide to non-disabled persons.

4        81.    As a direct and proximate result of the aforementioned acts, Plaintiff

5  has suffered and continues to suffer humiliation, hardship, anxiety, indignity, and

6  severe mental and emotional anguish.

7        82.    Pursuant to California Civil Code § 52.1(f), DEFENDANTS are liable

8  to Plaintiff SENGUPTA for his actual damages up to three times his actual

9  damages, but no less than $4,000 for every offense of California  Civil Code § 51

10  *et. seq.*

11        83.    PLAINTIFFS are entitled to statutory damages in an amount up to a

12  maximum of three times the amount of their actual damages.  Cal. Civ. Code §

13  52(a) (h).

14  **FIFTH CLAIM FOR RELIEF**

15  Violation of California Civil Code §§ 54 *et seq.*

16  (By PLAINTIFFS Against all DEFENDANTS)

17        84.    The factual allegations in the foregoing paragraphs are incorporated

18  herein by reference.

19        85.    Through the acts and omissions described herein, DEFENDANTS are

20  violating California Civil Code § 54 which states that "[i]ndividuals with

21  disabilities or medical conditions have the same rights as the general public to the

22  full and free use of . . . public services . . . ."

23        86.    Under California Civil Code § 54(c) a violation of the ADA also

24  constitutes a violation of California Civil Code §§ 54 *et seq.*

25        87.    PLAINTIFFS are persons with a disabilities within the meaning of

26  California Civil Code § 54(b)(l) and California Government Code § 12926.

27        88.    The CITY and the MPD provide public services, within the meaning

28  of California Civil Code §§ 54 *et seq.*

19

89.    By failing to provide effective communication with to deaf and hard of hearing individuals and violating the ADA, DEFENDANTS are violating California Civil Code §§ 54 *et seq.*

90.    Pursuant to California Civil Code § 54 (c), DEFENDANTS are liable to Plaintiff SENGUPTA for his actual damages up to three times his actual damages, but no less than $1,000 for every offense of California  Civil Code § 54 *et. seq.*

91.    Under California Civil Code §§ 54 *et seq.*, PLAINTIFFS are entitled to injunctive relief, attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF

### NEGLIGENCE

### (By PLAINTIFFS Against All DEFENDANTS)

92.    Plaintiff SENGUPTA incorporates by reference each and every allegation contained in the foregoing paragraphs.

93.    One of more CITY employees, within the scope of their duties were negligent, and as a result PLAINTIFFS were injured, and continue to be injured. Defendant CITY is liable for PLAINTIFFS' injuries due to its employees' negligence under California Government Code § 815.2.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS request judgment as follows:

1. A declaration that DEFENDANTS' conduct as alleged herein violated and continues to violate Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and California Government Code § 11135;

2. An injunction against MPD and/or the CITY including but not limited to the following:

   a. Ordering DEFENDANTS to cease all actions against individuals who are deaf or hard of hearing that have the effect of discrimination on the

20

basis of their disability;

    b.  Ordering DEFENDANTS to establish department-wide policies and procedures to ensure compliance with Federal and state disability rights statutes including, but not limited to, ensuring effective communication with persons who are deaf and hard of hearing and the provision of necessary auxiliary aids.

    c.  Ordering DEFENDANTS to train all officers and employees to provide effective communication for individuals who are deaf or hard of hearing as provided by Federal and state disability rights statutes;

    d.  Ordering Defendants to provide all officers and employees with sensitivity training regarding the mannerisms and culture of individuals who are deaf or hard of hearing;

    e.  Retain jurisdiction over DEFENDANTS until such time as the Court is satisfied that DEFENDANTS' unlawful practices, acts and omissions complained of herein no longer exist and will not occur.

3.  Compensatory damages to Plaintiff SENGUPTA to the extent provided by law;

///
///
///
///
///
///
///
///
///
///
///

21

4. PLAINTIFFS' attorneys' fees and costs, as provided by law; and

5. Such other relief as the Court finds just and proper.

Dated: February 2, 2009

SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP

By: _____
Wilmer J. Harris
Sami N. Khadder
Attorneys for PLAINTIFFS

Dated: February 2, 2009

DISABILITY RIGHTS LEGAL CENTER

By: _____
Paula D. Pearlman
Shawna L. Parks
Attorneys for PLAINTIFFS

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1

## DEMAND FOR JURY TRIAL

2      Plaintiff demands a trial by jury on each and every issue so triable.

3

4   Dated: February 2, 2009          SCHONBRUN DESIMONE SEPLOW

5                                     HARRIS & HOFFMAN LLP

6

7                                By: _____

8                                     Wilmer J. Harris

9                                     Sami N. Khadder

10                                    Attorneys for PLAINTIFFS

11

12   Dated: February 2, 2009          DISABILITY RIGHTS LEGAL CENTER

13

14                                By: _____

15                                     Paula D. Pearlman

16                                     Shawna L. Parks

17                                     Attorneys for PLAINTIFFS

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## CV09- 795 CAS (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

RICKY SENGUPTA, individually, and
on behalf of the class of similarly situated individuals,
PLAINTIFF(S)

v.

CITY OF MONROVIA, a public entity; CITY OF
MONROVIA POLICE DEPARTMENT, a public
entity; and DOES 1 through 10, individuals
sued in their individual capacities,
inclusive.
DEFENDANT(S).

CASE NUMBER

CV09-0795 CAS (RCx)

**SUMMONS**

TO:    DEFENDANT(S): to the above named defendants.

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Wilmer J. Harris_____, whose address is _414 S. Marengo Avenue, Pasadena, CA 91101_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___FEB - 2 2009___

By: _Natalie Gongyria_
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>RICKY SENGUPTA, individually, and<br>on behalf of the class of similarly situated individuals. | DEFENDANTS<br>CITY OF MONROVIA, a public entity, CITY OF MONROVIA POLICE<br>DEPARTMENT, a public entity; and DOES 1 through 10, inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Wilmer J. Harris, Esq. (150407)<br>Schonbrun DeSimone Seplow Harris & Hoffman LLP<br>414 S. Marengo Avenue, Pasadena, CA 91101 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☒ MONEY DEMANDED IN COMPLAINT: $ non-specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC Secs 12113l et seq ; 29 USC Sec 794 et seq ; Cal. Gov Code Sec  11135; Cal. Civil Code Sec. 51; Cal. Civ Code Sec 54.1

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | IMMIGRATION | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV09-0795

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☒ Yes
If yes, list case number(s): CV 08-00979 ABC (JWJx); CV 02-9092 ABC (JWJx); CV 05-2017 ABC (JWJx); CV 00-11110 ABC (AIJx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☒ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date  2/2/09

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |