WILMER J. HARRIS, State Bar No. 150407
SAMI N. KHADDER, State Bar No. 232216
SCHONBRUN, DESIMONE, SEPLOW, HARRIS & HOFFMAN
414 South Marengo Ave.
Pasadena, California 91101
Telephone:  (626) 440-5969
Facsimile:   (626) 449-4417
wharris@sdshhlaw.com
skhadder@sdshhlaw.com

Paula D. Pearlman, State Bar No. 109038
Shawna L. Parks, State Bar No. 208301
DISABILITY RIGHTS LEGAL CENTER
919 South Albany Street
Los Angeles, CA 90015
Telephone: (213) 736-1031
Facsimile: (213) 736-1428
paula.pearlman@lls.edu
shawna.parks@lls.edu

Attorneys for Plaintiffs
RICKY SENGUPTA, individually, and on
behalf of the class of similarly situated individuals

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY SENGUPTA, individually, and on behalf of the class of similarly situated individuals,<br><br>PLAINTIFFS,<br><br>vs.<br><br>CITY OF MONROVIA, a public entity; CITY OF MONROVIA POLICE DEPARTMENT, a public entity; and DOES 1 through 10, individuals sued in their individual capacities, inclusive,<br><br>DEFENDANTS. | Case No. CV 09-0795 ABC (JWJx)<br><br>CLASS ACTION<br><br>**PLAINTIFF, RICKY SENGUPTA'S *EX PARTE* APPLICATION FOR AN ORDER EXTENDING TIME TO MOVE FOR CLASS CERTIFICATION**<br><br>Filed contemporaneously with:<br>(1) Declaration of Wilmer J. Harris in Support of *Ex Parte* Application<br>(2) [Proposed] Order<br><br>Judge: Hon. Audrey B. Collins<br>Complaint Filed: February 2, 2009 |

**PLAINTIFF RICKY SENGUPTA'S *EX PARTE* APPLICATION FOR AN ORDER EXTENDING TIME TO MOVE FOR CLASS CERTIFICATION**

1    Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Local
2 Rules 7-19 and 23-3, Plaintiff Ricky Sengupta hereby applies to the Court *ex parte*
3 for an Order extending the time to file a motion for class certification until
4 September 8, 2009 - (*e.g.,* three months from the original date of June 8, 2009).
5    This is Plaintiff's first request to the Court for an extension of time. Counsel
6 for Plaintiff has met and conferred with and advised counsel for Defendant that this
7 *ex parte* request will be made to the Court. Counsel for Defendant is Jill W.
8 Babinton, Esq., Carpenter, Rothans & Dumont, 888 S. Figueroa Street, Suite 1960,
9 Los Angeles, CA 90017. Ms. Babington's telephone number is (213) 228-0400.
10    Plaintiff's *ex parte* application for an extension of time is timely and, for the
11 reasons stated below, good cause exists for this application.
12
13  **I.    Brief Factual Background**
14    On February 2, 2009 Plaintiff filed his Complaint alleging violations of the
15 ADA, Rehabilitation Act, and other causes of action under California law.
16 Declaration of Wilmer J. Harris, hereinafter, "Harris Decl.", ¶ 2.  On April 12,
17 2009, Defendants filed a motion to dismiss and strike portions of Plaintiff's
18 Complaint scheduled for hearing on May 4, 2009.  Harris Decl., ¶ 3.  On April 16,
19 2009, the Court set a Pretrial/Scheduling conference for June 1, 2009.  Harris Decl.,
20 ¶ 4.  On April 28, 2009, the Court continued the hearing on Defendants' motions to
21 June 1, 2009.  Harris Decl., ¶ 5.
22    Plaintiff started his meet and confer via e-mail. On May 7, 2009, Plaintiff's
23 counsel requested an extension of time to file Plaintiff's Motion for Class
24 Certification, (hereinafter, "class certification motion").  Harris Decl., ¶ 6: Exhibit
25 A.  Defense counsel responded on May 8, 2009 and informed that Defendants did
26 not agree to stipulate to Plaintiff's request for an extension of time. Harris Decl., ¶
27 7: Exhibit B.  The parties also conducted their Rule 26 conference on May 14,
28 2009. Harris Decl., ¶ 8. Plaintiff served his first set of discovery at the meeting.

Harris Decl., ¶ 9. At this conference, Plaintiff's counsel also conferred with Defendants' counsel regarding Plaintiff's intention to file an ex parte application. Harris Decl., ¶ 9. Defendants' counsel responded that Defendants would oppose Plaintiff's application. Harris Decl., ¶ 10.

Plaintiff contends an extension is needed so that Plaintiff will have the time to conduct necessary discovery and develop an adequate record for the Court to use in ruling upon the motion for class certification.

This ex parte application is made following the conferences of counsel pursuant to Local Rule 7-3 which took place during: (1) e-mail communications occurring on May 7 and 8, 2009, and (2) in-person meet and confer on May 14, 2009. Harris Decl., ¶ ¶ 6-10.

## II.     The Court Should Extend the Time in Which Plaintiff Has to File A Motion For Class Certification

Rule 6 of the Federal Rules of Civil Procedure provides that, upon a showing of good cause, a court may grant an ex parte request extending the time in which any act is required. *See* FRCP 6(b) ("When... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion... with or without motion or notice order the period enlarged if request is therefore made before the expiration of the period originally prescribed..."); *see also* Schwarzer, Tashima & Wagstaff, CAL. PRAC. GUIDE: FED. CIV.PRO. BEFORE TRIAL (The Rutter Group 2007) ¶ 12:172 ("**Orders extending time:** On a showing of 'good cause,' the court may sign an ex parte order extending the time within which any act is required or allowed to be done...")(emphasis in original).

Local Rule 23-3 provides that a motion for class certification must be filed within "90 days after service of a pleading purporting to commence a class action... *unless otherwise ordered by the Court*." (Emphasis added). The Local Rules thus explicitly provide that the Court may extend the time in which a motion for class certification must be filed.

Counsel for Plaintiff believe that the time period in which they currently have to file a motion for class certification (June 8, 2009) should be extended until September 8, 2009 for the following reasons:

**A.    The Operative Pleading is Still Not at Issue.**

Because of the pending hearing on Defendant's Motion to Dismiss and Motion to Strike Portions of Plaintiff's Complaint, the Complaint is still not at issue. Because the operative pleadings are still not at issue, Plaintiff's counsel believe it would be premature to being work on a certification motion prior to the time the pleadings are at issue. Hence, for this reason alone, good cause exists to extend the time period in which to file the certification motion.

**B.    An Extension of Time in Which to File the Certification Motion is Appropriate so that Plaintiff Can Conduct Meaningful Precertification Discovery.**

According to the Federal Rules of Civil Procedure, neither party may seek discovery "from any source before the parties have conferred" to discuss the nature of the case and a discovery plan, and to arrange to make the required early disclosures. FRCP 26(d)(1) & (f)(1). This meeting ordinarily must take place within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant. FRCP 16(b)(2). Plaintiff first requested May 11, 2009 for a Rule 26 conference, and after discussion with defense counsel, the mutually-agreed upon date of May 14, 2009 was selected for the Rule 26 Conference. Plaintiff served his first set of discovery on May 14, 2009 at the conclusion of the conference.

With a current deadline of June 8, 2009, it would be difficult to develop an adequate record for the Court to use in ruling upon a certification motion. Indeed, Plaintiff propounded discovery on May14, 2009, on the day of the parties' Rule 26 Conference. Therefore, Defendant's discovery responses will not be due until one week after the June 8th deadline. As it is important for the Plaintiff to develop an

adequate record for the Court to use in ruling upon the forthcoming certification motion, the Court should extend the time in which to file the certification motion.

### C. The Manual for Complex Litigation Recognizes that Parties Need Sufficient Time to Develop an Adequate Record for Certification and that Local Rules Specifying a Short Period of Time Within Which to File a Certification Motion May Be Inconsistent With Rule 23(c)(1)(A).

Federal Rule of Civil Procedure ("FRCP") Rule 23 provides, "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." The word "practicable" recognizes that valid reasons may exist for deferring the certification hearing, for instance, limited discovery is usually needed - and is needed here – to determine issues of commonality, numerosity, adequate representation, etc. *See* Adv. Comm. Notes to 2003 Amendments to FRCP 23.

Rule 23 once urged attorneys to file and judges to rule on class certification motions "as soon as practicable." *See* Managing Class Action Litigation: A Pocket Guide for Judges (Federal Judicial Center 2005), p. 6. As a consequence, some Districts, including the Central District of California, implemented Local Rules requiring that certification motions be filed within 90 days of the filing of the action. *Id*. Based on experience, Rule 23 was amended in 2003 to allow Courts to consider certification "at an early practicable time." *Id.* Accordingly, Courts were urged to allow more time for counsel to bring certification motions. *Id.*

Considering this change, the Court should ignore local rules calling for specific time limits as they appear to be inconsistent with the federal rules and, as such, obsolete."). *See also* Manual for Complex Litigation (Federal Judicial Center 4th Ed.), § 21.133 ("Some local rules specify a short period within which the plaintiff must file a motion to certify a class action. Such rules, however, may be inconsistent with Rule 23(c)(1)(A)'s emphasis on the parties' obligation to present

4

**PLAINTIFF RICKY SENGUPTA'S *EX PARTE* APPLICATION FORAN ORDER EXTENDING TIME TO MOVE FOR CLASS CERTIFICATION**

the court with sufficient information to support an informed decision on certification.  Parties need sufficient time to develop an adequate record.").

### D. Extending the Time Period In Which Plaintiff Has To File a Certification Motion Will Not Unfairly Prejudice Defendant.

No party will suffer any unfair prejudice as a result of the Court extending the time to file a certification motion.  Litigation in this case is still at its initial stage as hearings on Defendants' Motion to Dismiss and Motion to Strike are currently pending and discovery has just begun.  Such extensions of time are granted routinely. *See* Baicker-McKee, Janssen & Corr, Federal Civil Rules Handbook (Thomson- West 2007), p. 260 ("Pre-expiration enlargements are granted routinely if they are sought in good faith and do not prejudice the adversary.").  Hence, no party will suffer unfair prejudice.  As a result, the Court should order that the time Plaintiff has to file the certification motion is extended to September 8, 2009.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Ricky Sengupta submits he has shown good cause for an extension of time to file a motion for class certification.  Accordingly, Plaintiff respectfully requests that the Court extend his deadline as requested.

///

Dated: May 15, 2009                      SCHONBRUN DESIMONE SEPLOW
                                         HARRIS & HOFFMAN LLP


                                         By: ____/s/_____
                                             Wilmer J. Harris
                                             Sami N. Khadder
                                             Attorneys for PLAINTIFF