1  **STEVEN J. ROTHANS – State Bar No. 106579**
   **JILL W. BABINGTON – State Bar No. 221793**
2  **CARPENTER, ROTHANS & DUMONT**
   **888 S. Figueroa Street, Suite 1960**
3  **Los Angeles, CA  90017**
   **(213) 228-0400 / (213) 228-0401 [Fax]**
4  **srothans@crdlaw.com / jbabington@crdlaw.com**

5  Attorneys for Defendant, CITY OF MONROVIA, a public entity

6

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10

11 RICKY SENGUPTA, individually, and )   Case No.: CV09-0795 ABC (SHx)
   On behalf of the class of similarly    )
12 situated individuals,                  )   **UNOPPOSED EX PARTE**
                                          )   **APPLICATION REQUESTING A**
13             Plaintiffs,                )   **MODIFICATION OF THE**
                                          )   **SCHEDULING ORDER FOR THE**
14        vs.                             )   **LIMITED PURPOSE OF**
                                          )   **CONTINUING THE MOTION**
15 CITY OF MONROVIA, a public entity; )   **FILING DEADLINE AND**
   CITY OF MONROVIA POLICE               )   **HEARING DATE FOR A PERIOD**
16 DEPARTMENT, a public entity; and,     )   **OF TWO AND THREE WEEKS,**
   DOES 1 through 10, in their individual )   **RESPECTIVELY; DECLARATION**
17 capacities, inclusive,                 )   **OF JILL W. BABINGTON**
                                          )
18             Defendants.               )   Discovery Cut-Off:  June 30, 2010
                                          )   Pretrial Conference: October 18, 2010
19                                        )   Jury Trial:  November 2, 2010
                                          )
20                                        )   **Honorable Audrey B. Collins**

21

22        COMES NOW Defendant CITY OF MONROVIA, a public entity, and

23 hereby applies, ex parte, for an order modifying the Scheduling Order to continue

24 the motion filing deadline from June 28, 2010 to July 12, 2010, and the hearing

25 date for dispositive motions from July 19, 2010 to August 9, 2010.  The plaintiff

26 does not oppose this application.

27 ///

- 1 -

28

1   Good cause exists to hear this matter on an ex parte basis.  First and
2   foremost, the defendant *timely* filed a Motion for Summary Adjudication on the
3   deadline *stipulated to* by the parties and *ordered* by the Court (June 28, 2010).
4   The defendant noticed this motion for hearing on the date stipulated to by the
5   parties and ordered by the Court (July 19, 2010).  See 3/26/10 Stipulation
6   [Document 62]; 3/30/10 Order [Document 63].  However, upon filing the motion,
7   the clerk of the court ordered the document stricken because insufficient notice
8   was provided under Local Rule 6-1.

9   Second, granting the requested ex parte relief will not affect any other dates
10  or deadlines in this case.  Indeed, granting ex parte relief will conserve judicial
11  resources in that it will allow the court to resolve legal issues relative to the class
12  action aspect of this lawsuit without the necessity of proceeding to trial (the
13  defendants previously filed a motion relative to the claims of the individual class
14  member, which is presently pending).  The defendants submit that the evidence
15  submitted in support of the Motion for Summary Adjudication will be undisputed
16  and will allow the court to make a determination – one way or the other – as a
17  matter of law, and avoid the necessity of trial.

18  Prior to the filing of this ex parte application, counsel for the defendant e-
19  mailed plaintiff's counsel giving notice of this ex parte application and inquiring
20  whether the plaintiff intended to oppose the application.  Counsel had subsequent
21  telephone conversations, **wherein plaintiff's counsel indicated that while they**
22  **would not stipulate to a modification of the scheduling order, they would not**
23  **oppose this application**.  See Declaration of Jill W. Babington.

24  This ex parte application is based upon this application, the accompanying
25  Memorandum of Points and Authorities, the Declaration of Jill W. Babington, any
26  matters of which the Court may take judicial notice, all pleadings and papers on
27  file in this action, and upon such other matters as may be presented to the Court.

28  UNOPPOSED EX PARTE APPLICATION REQUESTING A MODIFICATION OF
THE SCHEDULING ORDER FOR THE LIMITED PURPOSE OF CONTINUING THE
MOTION FILING DEADLINE AND HEARING DATE FOR A PERIOD OF
TWO AND THREE WEEKS, RESPECTIVELY

1  DATED:  July 1, 2010                    CARPENTER, ROTHANS & DUMONT

2                                    By: _____

3                                          STEVEN J. ROTHANS
                                           JILL W. BABINGTON
4                                          Attorneys for Defendant,
                                           CITY OF MONROVIA, a public entity
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          - 3 -

28  UNOPPOSED EX PARTE APPLICATION REQUESTING A MODIFICATION OF
    THE SCHEDULING ORDER FOR THE LIMITED PURPOSE OF CONTINUING THE
    MOTION FILING DEADLINE AND HEARING DATE FOR A PERIOD OF
    TWO AND THREE WEEKS, RESPECTIVELY

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.    INTRODUCTION**

3          Relying on a <u>stipulation of counsel</u> and <u>subsequent court order</u> which set

4    forth a briefing schedule for dispositive motions and a specific hearing date and

5    time for dispositive motions, on June 28, 2010, defense counsel filed a Motion for

6    Summary Adjudication in connection with this matter.  Pursuant to the stipulation

7    of counsel [Document 62] and court order [Document 63], the deadline to file and

8    serve disposive motions was June 28, 2010, and the date those motions were to be

9    set for hearing was July 19, 2010.  <u>See</u> Exhibits "A" and "B".  Accordingly, the

10   defendant noticed the Motion for Summary Adjudication for hearing on July 19,

11   2010.

12         On June 29, 2010, the court filed a Notice of Deficiency, stating that the

13   defendant's motion was deficient because insufficient notice for the motion was

14   provided, as required by Local Rule 6-1.  <u>See</u> Exhibit "C".  On June 30, 2010, in

15   response to the Notice of Deficiency, the court ordered that the motion be stricken.

16   <u>See</u> Exhibit "D".

17         By way of this ex parte application, the defendant seeks a minor

18   modification of the scheduling order to allow them the opportunity to re-file the

19   Motion for Summary Adjudication and provide 28 days notice of the hearing of the

20   motion, as required by Local Rule 6-1.  Specifically, the defendant requests that

21   the filing deadline for dispositive motions be extended for a period of two weeks,

22   from June 28, 2010, to July 12, 2010, and that the hearing date for dispositive

23   motions be continued from June 19, 2010, to August 9, 2010.

24         The defendant submits that at all times, it acted in good faith in relying upon

25   the stipulation of counsel and subsequent court order and submitted the motion

26   with the dates and deadlines agreed upon by the parties and ordered by the Court.

27   ///

- 1 -

28

UNOPPOSED EX PARTE APPLICATION REQUESTING A MODIFICATION OF
THE SCHEDULING ORDER FOR THE LIMITED PURPOSE OF CONTINUING THE
MOTION FILING DEADLINE AND HEARING DATE FOR A PERIOD OF
TWO AND THREE WEEKS, RESPECTIVELY

## II.   EX PARTE NOTICE

Immediately after receiving the notice from the Court ordering that the Motion for Summary Adjudication be stricken, on June 30, 2010, counsel for the defendant e-mailed plaintiff's counsel giving notice of this ex parte application and inquiring whether the plaintiff intended to oppose the application.  Counsel had subsequent telephone conversations, wherein plaintiff's counsel indicated that while they would not stipulate to a modification of the scheduling order, they would not oppose this application.

## III.   GOOD CAUSE EXISTS TO HEAR THIS MATTER ON AN EX PARTE BASIS.

Good cause exists to hear this matter on an ex parte basis.  First and foremost, the defendant *timely* filed a Motion for Summary Adjudication on the deadline *stipulated to* by the parties and *ordered* by the Court (June 28, 2010).  The defendant noticed this motion for hearing on the date *stipulated to* by the parties and *ordered* by the Court (July 19, 2010).  See 3/26/10 Stipulation [Document 62]; 3/30/10 Order [Document 63].  However, upon filing the motion, the clerk of the court ordered the document stricken because insufficient notice was provided under Local Rule 6-1.

Second, granting the requested ex parte relief will not affect any other dates or deadlines in this case.  Indeed, granting ex parte relief will conserve judicial resources in that it will allow the court to resolve legal issues relative to the class action aspect of this lawsuit without the necessity of proceeding to trial (the defendants previously filed a motion relative to the claims of the individual class member, which is presently pending).  The defendants submit that the evidence submitted in support of the Motion for Summary Adjudication will be undisputed and will allow the court to make a determination – one way or the other – as a matter of law, and avoid the necessity of trial.

**IV.    GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER AND CONTINUE THE MOTION CUT-OFF DATE BY ONE WEEK.**

Federal Rules of Civil Procedure, Rule 16(b) requires that, in cases such as this case, a district court to issue a scheduling order that limits the time in which parties have to join other parties or amend the pleadings, file motions and complete discovery. FED. R. CIV. P. 16(b). In this case, the original scheduling order was issued on June 1, 2009. [Document 24]. However, following stipulations of counsel, the court subsequently modified the dates and deadlines established by that original scheduling order. The current dates and deadlines governing this case are set forth in this Court's order dated March 30, 2010. [Document 63]. The dates and deadlines outlined in this order are as follows:

| | |
|---|---|
| Deadline for filing and serving dispositive motions | June 28, 2010 |
| Deadline for filing and serving opposition to dispositive motions | July 6, 2010 |
| Deadline for filing reply to dispositive motions | July 12, 2010 |
| Hearing date for dispositive motions | July 19, 2010 at 10:00 a.m. |
| Expert Witness Disclosures | July 9, 2010 |
| Expert discovery cut-off | August 20, 2010 |
| Pre-Trial Conference | October 18, 2010 at 10:00 a.m. |
| Trial | November 2, 2010 at 8:30 a.m. |

See 3/30/10 Order [Document 63], Exhibit "B".

1    Federal Rules of Civil Procedure, Rule 16 provides that the scheduling order
2  may be modified "upon a showing of good cause and by leave of the district judge
3  . . ." FED. R. CIV. P. 16(b) (emphasis added).  The "good cause" standard of Rule
4  16(b) considers the diligence of the party seeking the amendment.  Johnson v.
5  Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), *citing* FED. R. CIV.
6  P. 16 advisory committee notes (1983 amendment).  "Good cause" is established
7  when the party seeking modification of a scheduling order demonstrates that they
8  have exercised diligence in meeting the deadlines outlined in the scheduling order.
9  Id.
10    It is respectfully submitted that Defendant City of Monrovia has exercised
11  diligence in the defense of this action.  Specifically, the City filed a Motion for
12  Summary Adjudication addressing the class action aspect of this lawsuit (as
13  distinguished from the motion addressing the claims of the individual plaintiff) on
14  June 28, 2010, within the timeframe and deadline agreed upon by the parties and
15  ordered by the Court.  The defendant does not seek additional time to do
16  something it should have done previously or did not do because it did not exercise
17  diligence.
18    The very language of Local Rule 6-1 supports the defendant's reliance on
19  the stipulation of counsel and order of the court in setting the briefing schedule and
20  hearing date for motions.  In this regard, Local Rule 6-1 provides, in part:
21        "***Unless otherwise provided by rule or order of the Court***, no
22        oral motions will be recognized and every motion shall be
23        presented by written notice of motion.  The notice of motion
24        shall be filed with the Clerk not later than twenty-eight (28)
25        days before the date set for hearing . . ."
26        L.R. 6-1 (emphasis added).
27  ///

- 4 -

28

1    Here, following stipulation of counsel, on March 30, 2010, the Court

2    ordered that the filing deadline for motions was June 28, 2010, and further ordered

3    that the hearing date for motions was to be July 19, 2010.  Although this timeframe

4    provided for only 21 days notice of the motion, Local Rule 6-1 allows for a

5    deviation from its notice requirements when "*otherwise provided by rule or order*

6    *of the Court*."  It is respectfully submitted that the defendant's reliance on this

7    provision of the Local Rule 6-1 along with the Court's March 30, 2010 order does

8    not constitute lack of diligence.

9    **V.    CONCLUSION**

10    Based on the foregoing, the defendant respectfully requests that the Court

11    issue an order modifying the scheduling order to continue the deadline for the

12    filing of motions from June 28, 2010, to July 12, 2010, and the date for the hearing

13    of motions from July 19, 2010, to August 9, 2010.

14    DATED: July 1, 2010                          CARPENTER, ROTHANS & DUMONT

15

16                                       By

17                                             STEVEN J. ROTHANS
                                             JILL W. BABINGTON
18                                           Attorneys for Defendant,
                                             CITY OF MONROVIA, a public entity

19

20

21

22

23

24

25

26

27                                             - 5 -

28