UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00795 ABC (SHx) | Date | August 25, 2010 |
|---|---|---|---|
| Title | Sengupta v. City of Monrovia et al. | | |

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | |
|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   **ORDER RE MOTION FOR INTERIM ATTORNEY'S FEES** (In Chambers)

      Pending before the Court is Plaintiff Ricky Sengupta's Motion for Interim Attorney's Fees, filed on June 7, 2010. (Docket No. 72.) Defendants City of Monrovia and City of Monrovia Police Department (the "City") opposed on June 21, 2010 (Docket No. 75) and Plaintiff replied on June 28, 2010 (Docket No. 77). The Court took the matter under submission on July 28, 2010 and ordered supplemental briefing on the issue of whether interim fees are available in a pending case that has not yet "resulted in" some disposition that enforces important rights affecting the public interest. (Docket No. 96.) The parties filed simultaneous supplemental briefs on August 6, 2010 addressing this issue. (Docket Nos. 100, 101.) Having reviewed the extensive case file and briefing in this matter, the Court DENIES Plaintiff's request as premature. Nothing in this Order, however, precludes Plaintiff from seeking fees at a later time.[1]

**BACKGROUND**

      Plaintiff is deaf and communicates primarily through American Sign Language. (Sengupta Decl. ¶ 2.) He represents a class of deaf and hard-of-hearing individuals challenging the City's alleged failure to ensure police officers could effectively communicate with him, to ensure officers could effectively communicate with other deaf or hard-of-hearing individuals, and to train and supervise officers and employees to provide effective means of communication with deaf or hard-of-hearing individuals. (Compl. ¶¶ 5–7.) This lawsuit arose from an incident on February 7, 2008, when Plaintiff was pulled over by police officers from the City of Monrovia Police Department, who searched his car, then handcuffed, arrested, booked, and interrogated him. (Id. ¶¶ 4–13.) At the time of this incident and at the time the suit was filed on February 2, 2009, the City did not have a written policy addressing officer interactions with deaf or hard of hearing suspects. Almost nine months after the lawsuit was filed, the City adopted a written policy on November 23, 2009, known as "Section 370." The City claims to have

---

      [1]On July 7, 2010, the City lodged objections to certain evidence submitted by Plaintiff in support of his reply brief. (Docket No. 88.) The Court OVERRULES those objections as MOOT. Should Plaintiffs refile their fees request, the City may renew its objections then.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00795 ABC (SHx) | Date | August 25, 2010 |
|---|---|---|---|
| Title | Sengupta v. City of Monrovia et al. | | |

begun working on a written policy "[i]n or about 2006" through a company called Lexipol, which specializes in creating and implementing police department policies to ensure compliance with federal and state laws. (Johnson Decl. ¶ 4.) The City also claims that, before adopting Section 370, it had an unwritten policy that addressed communication with deaf and hard of hearing individuals. (Opp'n 1, Ex. A (Calderon Dep. Tr.) at 25–28.)

On July 28, 2010, the Court denied two motions for summary judgment brought by the City, one directed at Plaintiff's individual claims and one directed at Plaintiff's class claims for injunctive relief. (Docket No. 97.) As to the class claims, the City primarily argued that the injunctive relief claims were mooted by the adoption of Section 370. The Court disagreed for several reasons. First, Plaintiff pointed out several flaws in the policy as written. Second, Plaintiff demonstrated that the policy entirely lacked a training component. And third, even assuming Section 370 fully complied with disability laws, the City did not demonstrate it would not simply revert to its former unwritten policy, which Plaintiff also attacked as inadequate. As the Court reasoned, "the City's view that both policies are identical and valid is fundamentally inconsistent with its mootness argument: if the policies are the same, then Plaintiff's live challenge to the prior one is a live challenge to the current one. And the City still strenuously defends the legality of both policies, which undercuts its claim of mootness based on its changed behavior." (Docket No. 97 at 8.) The parties have indicated that they are currently pursuing mediation; however, none of the issues in this case have been resolved or dismissed and remain pending before the Court.

Plaintiff seeks an award of attorney's fees at this point in the litigation on the theory that his lawsuit was the "catalyst" that caused the City to adopt Section 370, when, according to Plaintiff, none had existed before. From Plaintiff's perspective, "[d]espite the[] current flaws in the policy it nevertheless represents a significant change in Defendants' behavior as a result of this case." (Mot. 4 n.1.) That is because Section 370 "adopted many aspects of the injunctive relief Plaintiff seeks," such as "requir[ing] officers [to] give primary consideration to a deaf and hard of hearing individual's preferred method of communication," "inform[ing] officers of various resources available to them to achieve effective communication," and setting forth "specific guidance for encounters in the field as well as custodial interrogations and booking." (Mot. 4.) Plaintiff seeks $93,451.50 in fees incurred up to November 23, 2009, the date the City adopted Section 370.

**DISCUSSION**

Plaintiff requests fees pursuant to California Code of Civil Procedure 1021.5, which provides:

> Upon motion, a court may award attorneys' fees to a successful party against one
> or more opposing parties in any action which has resulted in the enforcement of
> an important right affecting the public interest if: (a) a significant benefit, whether
> pecuniary or nonpecuniary, has been conferred on the general public or a large
> class of persons, (b) the necessity and financial burden of private enforcement, or
> of enforcement by one public entity against another public entity, are such as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00795 ABC (SHx) | Date | August 25, 2010 |
|---|---|---|---|
| Title | Sengupta v. City of Monrovia et al. | | |

> make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any. With respect to action involving public entities, this section applies to allowances against, but not in favor of, public entities, and no claim shall be required to be filed therefor, unless one or more successful parties and one or more opposing parties are public entities, in which case no claim shall be required to be filed therefor under Part 3 (commencing with Section 900) of Division 3.6 of Title 1 of the Government Code.
>
> Attorneys' fees awarded to a public entity pursuant to this section shall not be increased or decreased by a multiplier based upon extrinsic circumstances, as discussed in Serrano v. Priest, 20 Cal.3d 25, 49.

Cal. Code Civ. P. § 1021.5.

Section 1021.5 codifies the "private attorney general" doctrine and permits an award of fees to a plaintiff who is the "catalyst" motivating the defendant to provide relief sought by plaintiff, even where no judgment or settlement agreement compels that remedial action. See Graham v. Daimlerchrysler Corp., 34 Cal. 4th 553, 566 (2004). In order to establish entitlement to attorney's fees pursuant to the catalyst theory, the plaintiff must satisfy three elements: "(1) the lawsuit was a catalyst motivating the defendants to provide the primary relief sought; (2) [] the lawsuit had merit and achieved its catalytic effect by threat of victory, not by dint of nuisance and threat of expense, . . . and , (3) [] the plaintiffs reasonably attempted to settle the litigation prior to filing the lawsuit." Tipton-Whittingham v. City of Los Angeles, 34 Cal. 4th 604, 608 (2004).

In addition to the elements necessary to establish the "catalyst" theory for fees, section 1021.5 "requires the claimant to show that the principal action 'has resulted' in the enforcement of an important right and that a significant benefit 'has been conferred.' . . . That showing cannot be made until the benefit is secure, in some cases after judgment is final." Folsom v. Butte County Assoc. of Gov'ts, 32 Cal. 3d 668, 679 (1982); see also Marini v. Mun. Court, 99 Cal. App. 3d 829, 834 (Ct. App. 1979) ("But section 1021.5, pursuant to which attorney's fees were awarded, clearly provides a special motion procedure plainly intended to be initiated after the result of the action is known but subject to no express time limit."). Indeed, "[i]t is a fair reading of the statutory language regarding 'a successful party' and 'any action which has resulted' that an award of attorney's fees pursuant to this statute is premature if the action is still unresolved." Bullock v. City & County of San Francisco, 221 Cal. App. 3d 1072, 1094 (Ct. App. 1990).

While a case need not be completely final before awarding fees under section 1021.5, "the benefit obtained must be 'secure' before the fees may be awarded." Urbaniak v. Newton, 19 Cal. App. 4th 1837, 1844 (Ct. App. 1993). A benefit is not "secure" if, for example, an appellate court reverses a grant of summary judgment and remands the case for further litigation. See, e.g., id. ("Merely reversing a summary judgment and remanding a matter for trial does not establish the showing necessary to support an award of attorney fees under section 1021.5."). That is because the reversal of summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00795 ABC (SHx) | Date | August 25, 2010 |
|---|---|---|---|
| Title | Sengupta v. City of Monrovia et al. | | |

judgment on appeal leaves the parties in no different a position than if the plaintiff had simply defeated the defendants' motion in the trial court. Id.[2]

On the other hand, relief is "secure" if there is some final resolution of the issue giving rise to the benefit upon which fees are sought. See, e.g., Tipton-Wittingham, 34 Cal. 4th at 607–08. In Tipton-Whittingham, the plaintiffs were awarded interim attorney's fees because the defendant city voluntarily adopted a new policy that mooted the plaintiffs' claims for injunctive relief. 34 Cal. 4th at 607–08. The Ninth Circuit certified questions to the California Supreme Court regarding whether fees were available under section 1021.5 even absent a judicially recognized change in the legal relationship of the parties, which the California Supreme Court answered affirmatively. Id. at 608. The Supreme Court did not address whether the interim relief obtained from the defendant's changed behavior was "secure," although that was likely the case because the plaintiffs admitted that their claims were moot and those claims were dismissed on a joint motion of the parties. Id. at 607.[3]

Plaintiff's request for fees at this stage in the litigation is premature because Plaintiff has not yet secured relief by way of Section 370 such that the lawsuit has "resulted in" enforcement of an important right. Even if Section 370 contains some elements Plaintiff finds appropriate, Plaintiff's successful opposition to the City's motion for summary judgment demonstrates that significant issues remain to be resolved over whether Section 370 complies with the applicable law. Unlike in Tipton-Whittingham, where the plaintiffs admitted that the newly adopted policy mooted their injunctive relief claims and the parties jointly obtained dismissal of those claims, Plaintiff specifically defeated the City's summary judgment motion by demonstrating that Section 370 is insufficient to address all his concerns. As in Urbaniak, where the reversal of summary judgment on appeal and remand for trial left issues to be litigated, here, too, the merits of the policy remain to be resolved either through trial or through settlement. In fact, because the issues involving Section 370 remain to be resolved, the City might rescind Section 370 or might successfully defend its unwritten policy at trial, demonstrating that Plaintiff has not, in fact, secured any relief at this stage.

---

[2]Cf. Sundance v. Municipal Court, 192 Cal. App. .3d 268, 271 (Ct. App. 1987) (finding interim fees appropriate in eight-year litigation because relief had already been secured by a favorable decision by the California Supreme Court, even if further litigation was contemplated).

[3]In Bell v. Farmers Insurance Exchange, 87 Cal. App. 4th 805, 829–33 (Ct. App. 2001), the court in dicta suggested that interim fees might be available under section 1021.5, but explained that "the California courts have never explicitly addressed the availability of interim fee awards or articulated standards for granting such awards." Id. at 832. This Court agrees that the cases allowing interim fees under section 1021.5 provide no standards by which to determine whether those fees should be awarded. See, e.g., Laurel Heights Improvement Association of San Francisco, Inc. v. Regents of the University of California, 47 Cal. 3d 376, 425–428 (1988); Cal. Trout, Inc. v. Superior Court, 218 Cal. App. 3d 187, 214 (Ct. App. 1990); Bouvia v. County of Los Angeles, 195 Cal. App. 3d 1075, 1082–86 (Ct. App. 1987); Bartling v. Glendale Adventist Med. Ctr., 184 Cal. App. 3d 97, 102–04 (Ct. App. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00795 ABC (SHx) | Date | August 25, 2010 |
|---|---|---|---|
| Title | Sengupta v. City of Monrovia et al. | | |

      Further, even if the Court were willing to entertain Plaintiff's interim fee request, Plaintiff has failed to advance any equitable reason for awarding interim fees at this point in the litigation, such as the financial hardship of continuing the litigation. For example, in Taylor v. Westly, 525 F.3d 1288, 1289 (9th Cir. 2008) (per curiam), the Ninth Circuit took the exceptional step of granting interim attorney's fees, reasoning that, "[b]ecause of the magnitude of this case, and the disparity in litigation resources between parties, failure to award interim fees would create a considerable risk of starving out plaintiffs with what we have already determined to be good claims." Unlike in Taylor, Plaintiff has made no attempt to show an ongoing financial hardship that would "starve" him out of good claims. Without some compelling justification, the Court is not inclined to award fees at this premature stage of the litigation.

## CONCLUSION

      The Court DENIES Plaintiff's Motion for Interim Attorney's Fees. Nothing in this Order precludes Plaintiff from requesting attorney's fees at a later time.

      **IT IS SO ORDERED.**

                                                                                                                                                     :

Initials of Preparer                                               AB